UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY L. BONGA,

        Plaintiff,                        Case No. 1:07-cv-190

v.                                                    Honorable Robert Holmes Bell

PATRICIA L. CARUSO et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

  I.  Factual allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and is presently housed at the Bellamy Creek Correctional Facility. In his *pro se* complaint, Plaintiff sues MDOC Director Patricia Caruso; Bellamy Creek Warden Kenneth McKee, Deputy Warden (Unknown) Stoddard, and Assistant Deputy Warden (Unknown) Johnson; and Bellamy Creek Residential Unit employees (Unknown) Hull, (Unknown) Drake, (Unknown) Avery, (Unknown) Maynard, and (Unknown) Carpenter.

  Plaintiff contends that Defendants have violated his and other inmates' First Amendment right to access the courts and Fifth and Fourteenth Amendment right to due process. Specifically, Plaintiff claims that Defendant Caruso's enactment and enforcement of Director's Office Memorandum 2007-5 (DOM 2007-5) violates inmates' First, Fifth, and Fourteenth Amendment rights. (*See* Compl. 6, 18-23, 36). Enacted on January 1, 2007, DOM 2007-5 prohibits prisoners from entering into new legal assistance agreements because prisoners' abuse thereof "poses a threat to the custody and security of [correctional] institutions." (Compl. Ex. B at 2).[1] Plaintiff next claims that Defendants Hull, Drake, Avery, and Maynard violated Plaintiff's First, Fifth, and Fourteenth Amendment rights when they confiscated a number of draft legal documents from Plaintiff's typewriter, failed to process Plaintiff's legal mail, and/or failed to notarize legal documents. (*See* Compl. ¶¶ 24, 30-36). Plaintiff further contends that Defendants McKee, Stoddard, and Johnson violated Plaintiff's First, Fifth, and Fourteenth Amendment rights by failing to correct

---

[1]As noted in DOM 2007-5, prisoners with pre-existing legal assistance agreements as of January 1, 2007 are allowed to provide and receive assistance thereunder until their expiration; eligible inmates continue to be entitled to the Legal Writer Program; and all inmates retain their existing privileges to the law library. (Compl. Ex. B at 2)

the actions of the other Defendants or to respond to Plaintiff's grievances. (*See* Compl. ¶¶ 24-28). Finally, Plaintiff argues that Defendant Carpenter violated Plaintiff's due process rights when he assigned one of Plaintiff's grievances to Defendant Hull for processing, when Defendant Hull was also a grievance respondent. (Compl. ¶ 29).

For relief, Plaintiff seeks compensatory damages in the amount of $250,000; punitive damages in the amount of $250,000; and costs.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Vicarious Liability**

As an initial matter, I note that Plaintiff's allegations against Defendants McKee, Stoddard, and Johnson fail to state a viable claim because they are vicarious liability. Plaintiff argues that these Defendants failed to "correct" the actions of the other Defendants and/or denied Plaintiff's grievances against them. (*See* Compl. ¶¶ 24-28). Plaintiff fails to make specific factual allegations against Warden McKee, Deputy Warden Stoddard, or Assistant Deputy Warden Johnson,

other than his claim that they failed to conduct an investigation in response to his grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendants McKee, Stoddard, or Johnson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

B.  **First Amendment**

Plaintiff first claims that Defendant Caruso has violated inmates' First Amendment right to access the courts by enacting DOM 2007-5. (Compl. ¶ 18). He argues that the policy violates the rights of inmates Jeremy Shaw, Keith Stinson, and Jacob Martin, with whom Plaintiff has pre-existing legal assistance agreements that will expire between February and April 2007. (*See* Compl. ¶¶ 21-23). Plaintiff argues that inmates Shaw, Stinson, and Martin are disadvantaged by DOM 2007-5 because they are inexperienced in the law, and without Plaintiff's assistance via renewed legal assistance agreements, their access to the courts will be thwarted. (*See* Compl. ¶¶ 22-23).

Plaintiff's access to the courts argument on behalf of inmates Shaw, Stinson, and Martin fails to state a claim because prisoners may not assert the rights of other prisoners in this manner. Inmates Shaw, Stinson, and Martin are not a part of this lawsuit other than having been mentioned in three paragraphs of Plaintiff's complaint. None have signed the complaint. For a case to proceed as a class action in which one plaintiff represents the interests of many, the Court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at * 1 (10th Cir. Apr. 11, 1996) (unpublished) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996);

*Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991). Accordingly, because Plaintiff is an incarcerated, *pro se* litigant, I find that he is not an appropriate representatives of a class or group of inmates. He therefore cannot bring the access to the courts claim on behalf of inmates Shaw, Stinson, or Martin.

Plaintiff's access to the courts argument on his own behalf also fails to state a claim. Plaintiff contends that Defendants Hull, Drake, Avery, and Maynard violated Plaintiff's right to access the courts when: (1) Defendants Hull and Drake confiscated all of the draft legal proceedings that were stored in the memory of Plaintiff's typewriter; (2) Defendant Hull failed to process Plaintiff's legal mail or have legal documents notarized; (3) Defendant Maynard failed to process Plaintiff's legal mail; and (4) Defendant Avery failed to notarize a writ of certiorari to the United States Supreme Court for Plaintiff. (*See* Compl. ¶¶ 24, 29-36).

It is well-established that prisoners have a constitutional right of access to the courts. See *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of

legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). An inmate cannot show injury when he still has access to his legal materials by request, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996), when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

Plaintiff fails to argue or show any actual injury to him caused by the actions of Defendants Hull, Drake, Avery, or Maynard. Plaintiff does not describe any particular nonfrivolous legal claim(s) on his own behalf that have been hindered by the purported confiscation of his legal materials.[2] Nor does he describe any specific litigation, in which Plaintiff has been prejudiced as a result of these Defendants' actions or inactions. To the extent the "draft legal proceedings" allegedly confiscated from Plaintiff's typewriter pertained to mere speculative claims, they are not protected by the First Amendment. While the right to access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds*

---

[2]As set forth above, to the extent the confiscated legal materials pertain to the legal claims of other inmates, this is not Plaintiff's claim to assert here. *See Oxendine,* 509 F.2d at 1407; *Howard,* 2000 WL 876770, at *1.

did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Accordingly, Plaintiff's access to the courts argument on his own behalf fails to state a claim.

### C. **Fifth and Fourteenth Amendments**

Plaintiff claims that his due process rights were violated when: (1) Defendant Caruso enacted DOM 2007-5; (2) Defendants Hull, Drake, Avery, and Maynard confiscated Plaintiff's legal drafts, failed to process Plaintiff's legal mail, and failed to notarize Plaintiff's legal documents; (3) Defendants McKee, Stoddard, and Johnson failed to correct the actions of the other Defendants and failed to respond to Plaintiff's grievances; and (4) Defendant Carpenter assigned a grievance against Defendant Hull to Defendant Hull for a response, in violation of MDOC policy. (*See* Compl. ¶¶ 6, 18-36).

None of these allegations state a viable due process claim. I recommend dismissal of Plaintiff's due process claim against Defendant Caruso for her enactment of DOM 2007-5 because Plaintiff brings this claim only on behalf of inmates Shaw, Stinson, and Martin, and prisoners may not assert the rights of other prisoners in this manner. *See* FED. R. CIV. P. 23(a)(4); *Oxendine,* 509 F.2d at 1407; *Howard v. Dougan*, 2000 WL 876770, at *1.

I recommend dismissal of Plaintiff's due process claims against Defendants Hull, Drake, Avery, and Maynard for two reasons. First, Plaintiff's claim stemming from these Defendants' failure to process Plaintiff's legal mail and to notarize his legal documents are covered by Plaintiff's First Amendment right to access the courts. The Supreme Court "resist[s] relying on the Due Process Clause when doing so would . . . duplicate[] protection that a more specific constitutional provision already bestow[s]." *Albright v. Oliver*, 510 U.S. 266, 288 (1994) (Souter,

J., concurring) (citing *Graham v. Connor*, 490 U.S. 386 (1989); *Gerstein v. Pugh*, 420 U.S. 103 (1975); and *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Because the Supreme Court reserves the Due Process Clause for "otherwise homeless substantial claims," *id*., Plaintiff does not state a due process claim for certain Defendants' failure to process his legal mail and failure to notarize his legal documents. These claims are not "homeless" because they fit squarely within the protections of the First Amendment right to access the courts.

Second, Plaintiff's due process allegations stemming from Defendants Hull and Drake's confiscation of draft legal documents from Plaintiff's typewriter are barred by the doctrine established in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. He has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are

available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his draft legal materials. Accordingly, Plaintiff's due process claim for confiscation of his draft documents will be dismissed.

I further recommend that the Court dismiss Plaintiff's due process claim against Defendant Carpenter because violation of an MDOC Policy Directive is not cognizable under § 1983. The failure to follow MDOC policies and procedures does not support a § 1983 claim. *Smith v. Foreland*, 954 F.2d 343, 347-48 (6th Cir.1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir.1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Neither does Section 1983 provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Finally, I recommend dismissal of Plaintiff's due process claims against Defendants McKee, Stoddard, and Johnson because they are based on a theory of respondeat superior. *See Street,* 102 F.3d at 818.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 27, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).