UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY L. BONGA,

        Plaintiff,

                                                                File No. 1:07-CV-190

v.

                                                                 HON. ROBERT HOLMES BELL

PATRICIA L. CARUSO, et al.,

        Defendants.
                                             /

**O P I N I O N**

On March 27, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Jeffrey L. Bonga's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R on April 9, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate's disposition to which specific written objection has been made. The R&R recommends dismissal of Plaintiff's complaint because § 1983 liability cannot be premised solely on a theory of respondeat superior or vicarious liability; Plaintiff is not an appropriate representative of the First Amendment or due process interests of other prisoners; Plaintiff has failed to allege any actual injury stemming from the violation of his own First Amendment rights; Plaintiff has

failed to state a due process claim because his claims fall within the more specific protections of the First Amendment; he has failed to allege the inadequacy of state post-deprivation remedies; and violation of an MDOC policy directive is not cognizable under § 1983.

Plaintiff objects to the R&R in full. Although Plaintiff recognizes that § 1983 liability cannot be premised on vicarious liability, Plaintiff contends that he has shown in his complaint that Defendants were aware of their subordinates' constitutional violations and were aware that if they failed to correct their subordinates' actions, the widespread abuses would continue to occur. Plaintiff has merely alleged that the Defendants Warden McKee, Deputy Warden Stoddard, and Assistant Deputy Warden Johnson, "knowingly and willfully failed to correct the actions of" their subordinates, thereby violating the Constitution. (Compl. ¶¶ 24-28). The Magistrate Judge correctly determined that these allegations are not sufficient to allege that these defendants played an "active role in the alleged violations." *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

Plaintiff also objects to the determination that he does not have standing to assert the First Amendment and due process rights of the inmates with whom he has legal agreements. The cases Plaintiff cites in support of his argument for standing are not persuasive. In *Munz v. Nix*, 908 F.2d 267 (8th Cir. 1990), the Eighth Circuit merely suggested the possibility that the jailhouse lawyer might have standing to argue that restrictions on doing legal work for other prisoners violated his and other prisoners' constitutional rights if there were no reasonable alternative means of assistance, if the restrictions affected the plaintiff's own

access to the courts, if the plaintiff was injured by not being able to return legal papers belonging to others, or if the regulations violated a consent decree. *Id.* at 268. n.3. In *Rhodes v. Robinson*, 612 F.2d 766, 769 (3rd Cir. 1979), the Third Circuit reversed a district court ruling that a prisoner lacked standing to argue that a restriction prohibiting him from assisting other prisoners was a barrier to the other prisoners' access to courts. *Id.* at 769. Subsequently the Supreme Court clarified that litigants can bring actions on behalf of third parties only if three important criteria are satisfied:

> The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (citations omitted). The third case Plaintiff relies on, *Buise v. Hudkins*, 584 F.2d 223, 227 (7th Cir. 1978), has been called into question by the Seventh Circuit itself. *Gometz v. Henman* 807 F.2d 113, 115 (7th Cir. 1986) (questioning continued viability of *Buise*). *See also Adams v. James*, 784 F.2d 1077, 1081-82 (11th Cir. 1986) (declining to follow *Buise*); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

The Magistrate Judge has correctly noted that the Sixth Circuit has routinely followed the Fourth Circuit's opinion in *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975), and would not permit Plaintiff to represent the interests of other prisoners, particularly where, as here, Plaintiff has not shown that he himself suffered any injury in fact.

Plaintiff contends that contrary to the Magistrate Judge's findings, he properly stated a claim stemming from the confiscation of his typewriter because his typewriter contained legal materials.  However, the only legal materials Plaintiff refers to are the draft pleadings of prisoner Stinson's petition for writ of habeas corpus.  (Pl. Obj. at 7).  As the Magistrate Judge correctly noted, Plaintiff does not have standing to argue the claims of other prisoners.

Finally, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to state a due process claim against Defendant Carpenter.  Plaintiff contends that his allegation that Carpenter assigned Hull to hear Plaintiff's grievance against Hull, asserted not only a violation of MDOC Policy, but also a violation of Plaintiff's constitutional rights to redress his constitutional complaints against the Defendants, which, in turn, implicates his right of access to the courts and shows Carpenter's participation in furthering the deprivation of Plaintiff's constitutional rights.

Because Plaintiff's due process allegation against Carpenter is premised on an allegedly random and unauthorized failure of a state official to follow state policy, and because the Michigan Administrative Procedures Act, M.C.L. § 24.201-.403, offers substantial procedures for remedying such violations, Plaintiff is required to plead the inadequacy of the state post-deprivation remedies in order to state a procedural due process claim.  *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995).  As noted in *Copeland*, if the deprivation was "random," a predeprivation process was impracticable, and the state actor was not authorized to take the action that deprived the plaintiff of property or liberty,

then "a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Id.* at 479. Plaintiff has not pled the inadequacy of the available state remedies. Accordingly, the Court finds that he has not stated a due process claim against Defendant Carpenter.

Having conducted a *de novo* review upon the record of those portions of the Magistrate Judge's disposition to which specific written objection has been made, the Court is satisfied that the Magistrate Judge has appropriately recommended that Plaintiff's complaint should be dismissed for failure to state a claim.

An order consistent with this opinion will be entered.


Date:     June 8, 2007            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE